# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALFREDO MELARA,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Case No.: 17cv921-MMA (AGS)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Carlos Alfredo Melara ("Melara"), proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("petition") pursuant to Title 28 of the United States Code, section 2241, challenging events that occurred while serving a previous term of incarceration. *See* Doc. No. 1. For the reasons set forth below, the Court **DISMISSES** Melara's petition.

## BACKGROUND

On June 25, 2009, Melara was convicted of illegal reentry, Case No. 5:09cr477, in the Southern District of Texas, Laredo Division. The court sentenced Melara to a forty-six month term of imprisonment and a three year term of supervised release. According to the records of United States Probation, on June 1, 2012, Melara was released to the custody of the United States Immigration and Customs Enforcement Services. Melara was deported to El Salvador on September 5, 2012, through Dallas, Texas.

On April 19, 2014, United States Border Patrol Agents encountered Melara walking in the brush three miles east of the Port of Entry at Otay Mesa, California, in this judicial district. On April 21, 2014, Melara was charged with illegal reentry. Melara pleaded guilty to the charge, and was sentenced in Case No. 3:14cr1349-H to a thirty month term of imprisonment. After he completed his sentence, Melara was transferred back to the Southern District of Texas. He pleaded guilty to violating the condition of his term of supervised release which prohibited him from reentering the United States illegally subsequent to deportation. On October 18, 2016, the court sentenced Defendant to an eleven month term of imprisonment. According to the Bureau of Prisons ("BOP") online Inmate Locator, Melara was released from BOP custody on May 22, 2017.[1]

## DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[2] "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Challenges to the "manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).

A review of the petition reveals that Melara complains of events occurring between 2014 and 2016 at United States Prison – Victorville, while he was serving the thirty month sentence imposed in Case No. 14cr1349-H. Melara claims that in September 2014, prison officials brought him against his will to a medical facility, where he was

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited 7/3/2017). The Court notes that Melara has not provided a current address, as required by this District's Civil Local Rules. *See* SD CivLR 83.11.b ("A party proceeding pro se must keep the court and opposing parties advised as to current address.").

[2] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

injected with something that caused hypo-pigmentation on his face and arms, numbness in his right leg, and sensitivity to sun exposure. Based on these allegations, Melara brings a claim for medical negligence. Melara seeks damages and proper medical treatment.

Melara's petition is subject to dismissal on several grounds. First, the writ of habeas corpus extends only to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. Relief under Section 2241 is available only if a federal inmate can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Melara was released from BOP custody on May 22, 2017. Because the "in custody" requirement is jurisdictional, it appears that the Court lacks jurisdiction over Melara's petition. *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir.2009) ("The text of the statute makes clear, and the Supreme Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3).") (citing *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973)).

Second, the Supreme Court has interpreted the "in custody" requirement to mean that the petitioner is in custody pursuant to the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Melara's claim arises out of events that took place while he was serving the sentence imposed in Case No. 3:14cr1349-MMA. Melara completed that term of imprisonment in 2016, and no term of supervised release was imposed. Therefore, even if Melara were still in custody, he would not be in custody pursuant to his 2014 conviction and sentence.

Finally, where a federal inmate challenges the conditions of his confinement, rather than its duration or execution, he must bring his claims in a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In this case, Melara's medical negligence claims involves the conditions of his previous confinement, not the fact or duration of that confinement. And while the Court has the discretion to re-characterize Melara's petition as a civil rights complaint, it will not do so in this case. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). Melara

3

17cv921-MMA (AGS)

names only the United States as a respondent. A plaintiff cannot maintain a *Bivens* action against the United States. *See Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). Moreover, Melara alleges only medical negligence, which is insufficient to state a plausible constitutional claim. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

## CONCLUSION

It plainly appears from the face of Melara's petition that this Court lacks jurisdiction and Melara is not entitled to relief. *See* Rule 4 of the Rules Governing § 2254 Cases. Accordingly, the Court **DISMISSES** the petition for writ of habeas corpus without prejudice and without leave to amend. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus may be dismissed without leave to amend if "it appears that no tenable claim for relief can be pleaded were such leave granted."). The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: July 11, 2017

HON. MICHAEL M. ANELLO
United States District Judge